Dear Ms. Wesley:
We are in receipt of documents relating to the proposed incorporation of the area of Stoney Point, Parish of Washington. [1] You ask this office to advise the Governor if a special election should be called for the people to vote on the question of whether the unincorporated area shall become a municipality.
R.S. 33:1 provides the requirements for incorporating a municipality, including a petition signed by at least twenty-five percent of the electors residing in the area proposed for incorporation, as certified by the registrar of voters. [2]
An elector as referenced in R.S. 33:1 means a registered voter. A person seeking status as a registered voter must meet the qualification requirements of R.S. 18:101(A), which include being a citizen of Louisiana, eighteen years of age, an actual bona fide resident of the state, parish, municipality, and precinct in which he offers to register as a voter, and is not disenfranchised. If a person is qualified to vote, but is not registered in the parish, he cannot be considered an elector for purposes of R.S. 33:1.
The documents received by our office for review include:
 1. A legal description of the proposed area of incorporation, stating that the area constitutes a contiguous area sought to be incorporated as the Village of Stoney Point. [2]
 2. A statement that the number of inhabitants residing in the unincorporated area amounts to 571 people, based on the 2000 federal census.
 3. A statement of the assessed value of the real property in the area as $16,980,200 according to the 2005 tax roll.
 4. A listing of the public services the municipal corporation proposes to render and a plan for these services, as indicated:
 Protect the rights of the property owners and the quality of life in Stoney Point as allowed by Louisiana law for municipalities; grant franchises so as to permit and regulate the use of public utilities; attempt to obtain federal and/or state grants of funds to be used for village improvements; to provide road maintenance and improvements based on availability of funds; to achieve community development through these programs; to support these programs with funds to be derived from utility franchise fees; insurance premium taxes and by such other means which become available.
 5. A statement of the desired corporate name as Stoney Point.
 6. A listing of the names of those persons designated as chairpersons for the petition for incorporation.
While the certain requirements of R.S. 33:1 have been met as indicated above, we find that the submitted documents are nonetheless incomplete, based on the following mandatory requirements of state law.
R.S. 33:2(A) states:
 A. When the proponents of the petition for incorporation believe they have the signatures of at least twenty-five percent of the electors residing in the area, they shall file the petition with the registrar of voters for the parish or parishes in which the unincorporated area is located.
According to R.S. 33:2(A), the signatures of at least twenty-five percent of the electors residing in the area must be submitted to the registrar of voters. The registrar must then verify that at least twenty-five percent of the electors have signed the petition. R.S.33:2(A)(1) and R.S. 33:2(C) provide, respectively:
 (1) If the unincorporated area is located in one parish, the registrar of voters for that parish shall determine if twenty-five percent or more of the electors residing in the area proposed for incorporation have signed the petition.
 ***** C. If the registrar of voters determines that the required twenty-five percent of electors have signed the petition, upon the initial presentation or upon the expiration of the sixty-day period for obtaining additional signatures, the registrar of voters shall issue a certificate stating that twenty-five percent or more of the electors residing in the area proposed for incorporation have signed the petition. The registrar of voters shall forward this certificate to the governor.
The documents reflect that the proposal for incorporation comes from an area populated by 571 inhabitants, in excess of the 200 inhabitants required by R.S. 33:1(A). However, it is doubtful that all 571 inhabitants are registered voters of Washington Parish. Indeed, the registrar's certificate reflects that 12 of the 120 signatures are not registered voters of the parish.
In accordance with R.S. 33:2, the registrar of voters must certify that twenty-five percent or more of the electors residing in the area proposed for incorporation have signed the petition. While the registrar of voter's certificate verifies that 108 of the 120 signatures are those of registered voters, a determination cannot be made as to whether those 108 signatures constitute twenty-five percent of the electors residing in the area. The registrar must provide his certification that stating that twenty-five percent of the electors residing in the area have, or have not, signed the petition for incorporation.
The requirements of R.S. 33:2(C) have not been met. The Governor must be advised that an election should not be called to incorporate the proposed Village of Stoney Point. Further, because the registrar's certificate is incomplete, the Governor should return the documents to the registrar so that the certification may be made as to whether 25% of the electors in the area proposed for incorporation have signed the petition.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL KLK:arg